

FILED
2017 AUG -7 PM 1:38
CLERK US DISTRICT
MIDDLE DISTRICT OF FL
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE VAZQUEZ,

    Plaintiff,

vs.

ENHANCED RECOVERY COMPANY, LLC
d/b/a ERC & SPRINT COMMUNICATIONS
COMPANY, LP,

    Defendants.
_____/

CASE NO. 8:17cv1864T27AAS

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, JOSE VAZQUEZ ("Plaintiff"), alleges the following Complaint against ENHANCED RECOVERY COMPANY, LLC, d/b/a ERC ("ERC") and SPRINT COMMUNICATIONS COMPANY, LP, ("SPRINT"):

1. This is an action for damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

## PARTIES

2. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and pursuant to the FDCPA.

3. ERC is a debt collector with its principal place of business in Florida. Defendant has a registered agent located in the state of Florida, and the actions forming the basis of this Complaint took place at Plaintiff's home location in this district.



TRA-45118
$400

4. ERC is a "person" subject to regulation under Fla. Stat. § 559.72.

5. Sprint is a "person" subject to regulation under Fla. Stat. § 559.72.

6. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (813-XXX-2785), and was the called party and recipient of Defendant's autodialer calls.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA and FDCPA claim, and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a consumer debt with Sprint, which Defendant was attempting to collect (hereinafter "Subject Debt").

10. The Subject Debt is considered a "consumer debt" as defined by the FDCPA & FCCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiff's personal, family, or household purposes.

11. Plaintiff has never had cellular telephone services with Sprint.

12. Nonetheless, Sprint attempted to collect the subject debt from Plaintiff by sending collection letters and vicariously through ERC.

13. Plaintiff informed Sprint on numerous occasions that they had the wrong person, as he has never had an account with Sprint, and informed them to please stop contacting him.

14. Despite Plaintiff's request, Sprint hired ERC to collect the subject debt.

15. ERC has been calling Plaintiff's cellular telephone for the past three years in an attempt to collect the subject debt and has been sending him collection letters. *See* Exhibit A.

16. ERC has placed approximately one-hundred (100) autodialed calls to Plaintiff's cellular telephone.

17. ERC routinely used an automatic telephone dialing system ("ATDS") to call Plaintiff on his cellular phone, for which Plaintiff was charged, without Plaintiff's prior express consent, and after Plaintiff demanded that Defendant stop calling his cellular phone.

18. Further, ERC placed this subject debt on Plaintiff's credit report, which caused his credit score to drop significantly.

19. Despite Plaintiff informing Sprint and ERC for his reasons of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Sprint and ERC continued its efforts to try and collect the Subject Debt from Plaintiff. As a result, the Sprint and ERC's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

20. The above-referenced conduct was a willful attempt by Sprint and ERC to engage in conduct which was reasonably expected to abuse or harass Plaintiff. Sprint and ERC's conduct has caused Plaintiff significant anxiety, emotional distress, frustration, and anger.

## COUNT I-ERC

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as though fully stated herein.

22. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

23. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

24. Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

25. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

26. Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT II-ERC

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692 § *et seq.*

27. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as though stated fully herein.

28. The foregoing acts and omissions of Defendant constitute multiple violations of the FDCPA, including 15 U.S.C. §§ 1692b(3), 1692c(c), 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(8), 1692f, 1692f(1).

29. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment against Defendant for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper

## COUNT III-ERC

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
### FLORIDA STATUTES § 559.55 *et seq.*

30. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

   b. Fla. Stat. 559.72 (9): Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate...

32. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT IV-SPRINT

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
## FLORIDA STATUTES § 559.55 *et seq.*

33. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

   b. Fla. Stat. 559.72 (9): Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate…

35. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

/s _____
Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
4900 Central Ave
St. Petersburg, Florida 33707
(727) 344-0123(office)
*Attorneys for Plaintiff*